**UNITED STATES of America,
Appellant,**

v.

**Robert P. ANDERSON et al., Appellees.**

**No. 8134.**

United States Court of Appeals
Tenth Circuit.

Sept. 30, 1966.

See also 34 F.R.D. 518.

Kathryn H. Baldwin, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Lawrence M. Henry, U. S., Atty., Alan S. Rosenthal, Atty., Dept. of Justice, with her on the brief), for appellant.

Benjamin E. Sweet, Denver, Colo. (Ralph E. Crandell, Denver, Colo., with him on brief), for appellees.

Before MURRAH, Chief Judge, and PICKETT and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

The First National Bank of Englewood, Colorado (Bank) loaned $250,000.-

00 to U. S. Durox Corporation of Colorado (Corporation). In order to induce the Bank to make the loan to the Corporation, the appellees, directors of the Corporation, executed an unconditional guarantee to the Bank, its successors or assigns.

After default on the obligation, the Bank assigned the note together with all collateral including the unconditional guarantees to the Small Business Administration (SBA), who had joined with the Bank in a participating loan.

The directors, who guaranteed the loan, were ousted. A new board was elected and application for reorganization made under Chapter X of the Bankruptcy Act.

The ousted directors and the assignee, SBA, objected to the reorganization. Nevertheless, an amended plan which ordered liquidation of the assets was approved by the Bankruptcy Court.

SBA, a secured creditor under the plan, bid $250,000.00 for the property under an order of the court to sell the property for cash. After the sale had been approved, SBA applied to the court to permit it to pay $8,000.00 in cash and set off its secured obligation of $242,000.00 as full payment of the property purchased. The Bankruptcy Court refused to allow this method of payment, because it did not provide the necessary cash to pay the cost of administration of the reorganization attempt. The court agreed to permit SBA to set off a portion of the amount secured if it would pay $124,500.-00 in cash to the trustees. This amount was the estimated total of the priority claims in the Chapter X proceeding which included the costs of administration. SBA complied and received title to the property free and clear of all liens or claims against the debtor corporation.

The SBA then filed this action against the guarantors, who had induced the loan by their guaranty, claiming $113,668.87 on the guaranteed portion of the loan plus accruing interest as the deficiency.

The accountings contained in the record are confusing and do not afford an accurate accounting. The trial court adjudged the liability to be the amount of principal balance plus interest as of February 6, 1959 (the date of the petition in bankruptcy); the costs and expenses of preservation, including insurance on the property (and interest on the amount of premium), repair of the property and local property taxes; and expenses directly connected with the auction sale including auctioneers. From the sum of these amounts is to be deducted the amount of $250,000.00 to determine the deficiency for which guarantors are now liable. Nowhere in the record can such an accounting be found.

The SBA appeals from this judgment complaining that the cost of administering the Chapter X proceedings is a charge which should be made against the guarantors and should be included in the liability adjudged by the trial court.

It is uncontroverted that: (1) SBA succeeded as assignee of the secured beneficiaries; (2) that SBA succeeded as secured creditor of the mortgage and the note; (3) that SBA became the creditor of the corporation for the balance due on the note; (4) that the guaranties are unconditional agreeing to pay the balance due on the note to the bank or its assignee without requiring the bank or its assignee to pursue or exhaust their rights or remedies against the debtor. The guaranties also provide that when the principal, interest and all other sums payable in accordance with the terms of the note of the debtor are due, payment will be made. The note provides, "the term indebtedness * * * shall mean the indebtedness evidenced by this note, including principal, interest, and expenses, whether contingent, now due or hereafter to become due and whether heretofore or contemporaneously herewith or hereafter contracted. The indebtedness shall immediately become due and payable, without notice or demand, upon * * * the filing of a petition * * * under the provisions of the Bankruptcy Act of 1898 * * *."

The question then is the effect of the participation of SBA in the bankruptcy

proceedings, wherein it purchased the property and agreed to pay administrative costs to the trustee, upon the guarantors' obligation.

■ Taking a broad and more comprehensive view of the entire proceedings, it becomes patent that these bankruptcy transactions can have little effect on the guaranties. Section 34 of the Bankruptcy Act provides that guarantors are not released from liability by a discharge of the bankrupt.[1] Therefore, the reorganization proceedings and the sale to SBA do not have the effect of releasing guarantors from their obligations.[2] The section, however, does not authorize the secured beneficiaries to incur additional expenses by engaging in proceedings other than for collection from the guarantors.

■ The trial court properly found, "On the basis of data now before the Court it is not possible to determine exactly the amount of the guarantors' liability on a deficiency. The guarantors' liability consists of: (1) The amount of principal balance as of February 6, 1959, plus interest thereon; (2) the costs and expenses directly attributable to preservation of the collateral, including insurance of the property (and interest on the amount of the premium), repair of the property, and local property taxes; * * * "[3]

"The law is settled that a guaranty is a collateral agreement to pay a debt or perform a duty for another in case of default which may be enforced separately from the primary obligation. It is not necessary to proceed against the primary debtor. An unconditional guaranty is one whereby the guarantor agrees to pay or perform a contract upon default of the principal without limitation. It is an absolute undertaking to pay a debt at maturity or perform an agreement if the principal does not pay or perform. (citations omitted). A definition of conditional and unconditional contracts of guaranty and the liability of guarantors under them is well stated by this court in Pavlantos v. Garoufalis, [10 Cir.] 89 F.2d 203, 206, where it is said: * * * 'An absolute guaranty is an unconditional undertaking on the part of the guarantor that the person primarily obligated will make payment or will perform, and such a guarantor is liable immediately upon default of the principal without notice. * * * ' "[4]

"As pointed out in Woodstock Bank v. Downer, 27 Vt. 539, supra, it was not necessary to bring an action against the maker of the bonds to charge defendants on their guaranty, nor do we think it was necessary to appear in the bankruptcy proceedings. Plaintiff could have proceeded against defendants without an action against the cement company, and without appearing in the bankruptcy proceedings."[5]

As indicated, supra,[6] the SBA had a clear cause of action against the guarantors immediately after the default occurred and at the time the bankruptcy proceedings were filed.

■ SBA's participation in the Chapter X proceeding was unnecessary to protect their interest, therefore, the guarantors would not be liable for unnecessary costs incurred in the administration of the attempted reorganization. "As a general rule, a guarantor, even under a conditional guaranty, is not liable for the costs of a suit which was instituted unnecessarily * * * "[7] Therefore, the trial court's finding that the guarantors were responsible for the obligations rep-

1. 11 U.S.C. § 34 (1953).

2. 6A Collier, Bankruptcy, § 11.18 at 694 (1965).

3. United States v. Anderson, 226 F.Supp. 932, 940 (1964).

4. Joe Heaston Tractor & Imp. Co. v. Securities Accept. Corp., 243 F.2d 196, 199 (10 Cir., 1957); Duke v. Reconstruction Finance Corp., 209 F.2d 204 (4 Cir., 1954).

5. Walker v. McNeal, 134 Okl. 111, 272 P. 443, 447 (1928).

6. Supra, note 4 and contents of note instrument.

7. 38 C.J.S. Guaranty § 58 at 1215 (1943).

resented by the note at the time the petition in bankruptcy was filed is sustained by the law and the evidence, and they cannot be charged with the unnecessary expense of the administration of the Chapter X bankruptcy.

Affirmed.