**UNITED STATES of America, Plaintiff-Appellant,**

v.

**OUTRIGGERS, INC., et al., Defendants,**

**J. O. Bowling and David C. Elliott, Defendants-Appellees.**

No. 76–1796.

United States Court of Appeals, Fifth Circuit.

March 23, 1977.

**338**

Robert E. Hauberg, U. S. Atty., L. K. Travis, Asst. U. S. Atty., Jackson, Miss., Mark N. Mutterperl, Atty., Ronald R. Glancz, Atty., Rex E. Lee, Asst. Atty. Gen., Appellate Sect., Civil Div., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

K. Hayes Callicutt, Jackson, Miss., for David Elliott.

Charles L. Howorth, Jr., Herbert J. Stelly, Sr., Gulfport, Miss., for J. O. Bowling.

Before MORGAN and FAY, Circuit Judges, and HUNTER,* District Judge.

* Senior District Judge of the Western District of Louisiana, sitting by designation.

PER CURIAM:

The United States brought this action against seven individuals who were signatories to a Small Business Administration Standard Form Guaranty Agreement.[1] The undisputed facts may be simply stated.

Outriggers borrowed $39,000 from the SBA. "In order to induce" SBA to make the loan and to provide collateral for the loan, seven individuals executed a Guaranty Agreement. Napoleon Baker had also signed the agreement. His name was deleted prior to SBA's acceptance. Defendants Bowling and Elliott signed the agreement prior to the deletion. The guaranty agreement (SBA Form 148 (8–67)) provides in pertinent part:

> The undersigned hereby unconditionally guarantees to SBA, its successors and assigns, the due and punctual payment when due * * * with respect to the note of the Debtor [Outriggers] * * *. The term "collateral" as used herein shall mean any * * * guaranties * * *.

> \* \* \* \* \* \*

> The undersigned hereby grants to SBA full power, in its uncontrolled discretion and without notice to the undersigned * * * to deal in any manner with the liabilities and the collateral, including, but without limitation, the generality of the foregoing, the following powers:

> \* \* \* \* \* \*

> (d) To consent to the substitution, exchange, or release of all or any part of the collateral whether or not the collateral, if any, received by SBA upon any such substitution, exchange, or release shall be of the same or of a different character or value than the collateral surrendered by SBA;

> \* \* \* \* \* \*

The obligations of the undersigned hereunder shall not be released, discharged or in any way affected, nor shall the under-

1. The debtor company, Outriggers, Inc., is also a named defendant.

signed have any rights or recourse against SBA, by reason of any action SBA may take or omit to take under the foregoing powers.

\*      \*      \*      \*      \*      \*

The obligations of the undersigned hereunder, and the rights of SBA in the collateral, shall not be released, discharged or in any way affected, nor shall the undersigned have any rights against SBA: by reason of the fact that any of the collateral may be in default at the time of acceptance thereof by SBA or later; \* \* \*.

\*      \*      \*      \*      \*      \*

\* \* \* All liability hereunder shall continue notwithstanding the incapacity, lack of authority, death, or disability of any one or more of the undersigned, and that any failure by SBA or its assigns to file or enforce a claim against the estate of any of the undersigned shall not operate to release any other of the undersigned from liability hereunder. The failure of any other person to sign this guaranty shall not release or affect the liability of any signer hereof.

Outriggers defaulted. The United States instituted this action to recover the indebtedness. The district court concluded that the deletion of Baker's signature constituted a material change, sufficient to relieve from any liability the guarantors who alleged in their pleadings that they had previously signed the document. The government's argument that the guarantors consented, by the express provisions of the agreement, to allow SBA in its discretion to deal with the collateral in any manner, including release of all or any part of the collateral, was rejected.[2] The district court entered judgment in favor of Bowling and

Elliott. From this judgment the United States appeals.[3]

We agree with the trial court's observation that the issue boils down to the effect of the guaranty agreement. We disagree with the result reached.

■ It is of course fundamental that the starting point for analysis of the rights and duties of the parties to a guaranty agreement is the instrument itself.

It is clear by the express terms of the agreement that the defendants agreed to be unconditionally bound upon the principal debtor's default. It is also clear from the express terms that each guarantor agreed to allow SBA unfettered discretion to release, substitute, or exchange any part of the collateral, and to remain personally liable for the entire amount of the loan, notwithstanding any action by SBA, such as SBA's release of any other guarantor, or the failure of SBA to secure a guarantee from any other person.[4]

■ The guarantors did not condition their liability upon the execution of guaranties by any other person. To the contrary, the agreement itself states that "the failure of any other person to sign \* \* \* shall not release or affect the liability of any signer hereof." The obligations of the signatories are not affected by a default or defect in any of the collateral "at the time of acceptance." The only issue is strictly legal: Did SBA's acceptance of an unconditional guaranty agreement, with the signature of a potential guarantor deleted, release the two defendants who signed the agreement prior to the deletion? The answer must be in the negative. *United States v. Immordino* (10th Cir. 1976), 534 F.2d 1378.

---

**2.** This determination was rendered prior to the decision in *United States v. Immordino* (10th Cir. 1976), 534 F.2d 1378.

**3.** The Court entered a default judgment in favor of the United States against the four defendants who did not enter appearances. A settlement agreement was reached with the remaining defendants.

**4.** The guaranty agreement provides that "the term collateral as used shall mean any guaranties."

**340**

The order of the District Court is reversed and judgment should be entered in favor of the United States.[5]

---

5. SBA's choice-of-law regulation, 13 C.F.R. 101.1(d)(2), provides that SBA guaranty agreements "be construed and enforced in accordance with applicable Federal law." *United States v. Nixon* (E.D.Mich.1975), 395 F.Supp. 395 at 401. In the context of this case the question of whether Mississippi law governs is academic and immaterial because of defendants' express agreements.