UNITED STATES of America,
Plaintiff-Appellee,

v.

SOUTHERN CYCLE ACCESSORIES,
INC., et al., Defendants,

Grace V. Thielman Gill,
Defendant-Appellant.

No. 77–2753
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1978.

Clinton Hyatt Jr., Baton Rouge, La., for defendant-appellant.

Edward L. Shaheen, U. S. Atty., D. H. Perkins, Levin H. Harris, Asst. U. S. Attys., Shreveport, La., for plaintiff-appellee.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409.

Before COLEMAN, GODBOLD, and TJOFLAT, Circuit Judges.

PER CURIAM:

The United States brought this action against the debtor and five individuals who were signatories to a Small Business Administration Standard Form Guaranty Agreement. The undisputed facts are as follows.

On February 28, 1972, Southern Cycle Accessories, Inc. executed and delivered to Bossier Bank and Trust Company a promissory note in the amount of $21,000 and a chattel mortgage as security on the note. On the same day a guaranty agreement was signed by Estell R. Raforth, Carl and Margaret Ann Le Croy, Eugene J. Evans, Billie Jo Evans, Jimmy Ray Raforth, and Grace Gill, the appellant. The Small Business Administration (SBA) became owner and holder of the note by endorsement and assignment.

The maker defaulted on the note. On September 8, 1975, the United States, on behalf of the SBA, filed this action against the maker and five of the guarantors to recover the remaining balance on the note and for foreclosure of the chattel mortgage. Default judgment was entered against the maker of the note, but the judgment could not be enforced. An agreement between the plaintiff and the Le Croys was reached and the suit against the Le Croys was dismissed with prejudice, only insofar as it pertained to the Le Croys. The suit was dismissed against the Evans, as the district court lacked jurisdiction over them.

Grace Gill, the appellant, filed an answer and a third party complaint against the Le Croys, who had been dismissed from the suit. She also filed a motion for summary judgment on the grounds that plaintiff failed to reserve its rights against the other defendants when the Le Croys were dismissed from the suit. This motion was denied. The plaintiff also filed a motion for summary judgment which was granted.

Appellant appeals from this order granting summary judgment.

On this appeal appellant raises four basic issues:

1. In the absence of a reservation of rights she had been released from her debt due to the settlement between the plaintiff and the Le Croys;

2. If there was an effective reservation of rights, her liability should be reduced by the pro rata share of the parties released;

3. Lack of jurisdiction over the parties jeopardizes her right to contribution; and

4. She is only liable as a guarantor with the other co-signers.

After reviewing the pleadings which were before the district court we find no error in granting summary judgment to the plaintiff.

Appellant first contends that the judgment of dismissal as to the other guarantors released all the other cosigners of the guaranty because there was no reservation of rights against the other defendants. Appellant cites Louisiana law to sustain her position. In our opinion the question of whether Louisiana law governs is academic and immaterial because of appellant's express agreements. See, *United States v. Outriggers, Inc.,* 5 Cir., 1977, 549 F.2d 337, and cases cited therein. The SBA guaranty signed by appellant was unconditional and was a collateral agreement to pay the debt of the primary obligor. Appellant expressly agreed that the releases of other collateral would not affect her liability. Consequently, the release of the Le Croys by settlement did not release appellant. Although the release as to the Le Croys contained a specific reservation of rights, it did not have to contain such a provision. Accordingly, the court's order did not have to contain such a provision.

Appellant next contends that her liability should be reduced by the pro rata share of the parties released instead of a credit for the release of the Le Croys. The standard form guarantee agreement of the SBA is totally unconditional language indicating this is as follows:

". . . the Undersigned hereby unconditionally guarantees to Lender, its successors and assigns, the due and punctual payment when due . . . with respect to the note of the Debtor . . The term 'collateral' as used herein shall mean any . . . guaranties . . ."

"The term 'Undersigned' as used in this agreement shall mean the signer or signers of this agreement, and such signers, if more than one, shall be jointly and severally liable hereunder. The Undersigned further agrees that all liability hereunder shall continue notwithstanding the incapacity, lack of authority, death, or disability of anyone or more of the Undersigned, and that any failure by Lender or its assigns to file or enforce a claim against the estate of any of the Undersigned shall not operate to release any other of the Undersigned from liability hereunder . . ."

Such language clearly implies a waiver of the right to contribution, *United States v. Immordino*, 10 Cir., 1976, 534 F.2d 1378. These terms reflect that each signer was obligated to pay the whole debt and release of part of the indebtedness does not lessen the individual several liability of the appellant for the whole. See, *Austad v. United States*, 9 Cir., 1967, 386 F.2d 147.

■ Appellant's next contention, that lack of jurisdiction over the parties not residing in Louisiana jeopardized her right to contribution, is without merit. Appellant, citing Louisiana law, argues that the plaintiff by not suing in Texas, where four guarantors reside, has failed to preserve the rights and security interests of appellant. Under the following terms of the guaranty agreement, the guarantors agreed to waive any right they might have had to require the plaintiff to bring suit against the other guarantors.

". . . The Undersigned hereby grants to Lender full power, in its uncontrolled discretion and without notice to the Undersigned, but subject to the provisions of any agreement between the Debtor or any other party and Lender at the time in force, to deal in any manner with the Liabilities and the collateral, including, but without limiting the generality of the foregoing, the following powers:

\*        \*        \*        \*        \*        \*

"(d) To consent to the substitution, exchange, or release of all or any part of the collateral, whether or not the collateral, if any, received by Lender upon any such substitution, exchange, or release shall be of the same or of a different character or value than the collateral surrendered by Lender;

\*        \*        \*        \*        \*        \*

"The obligations of the Undersigned hereunder shall not be released, discharged or in any way affected, nor shall the Undersigned have any rights or recourse against Lender, by reason of any action Lender may take or omit to take under the foregoing powers." See, *Austad, supra*, at page 150.

The risk of appellant was not increased by plaintiff's action because her obligations are absolute and unconditional. *United States v. Dubrin*, D.C.W.D.Tex., 1974, 373 F.Supp. 1123. Moreover, appellant waived her right to contribution. *Immordino, supra*.

■ Appellant next contends that she is liable only as a guarantor with the other six cosigners and not primarily liable with the principal debtor. Again, she relies on Louisiana law to support her position. In situations, such as this, federal law and not state law applies. See, *Dubrin, supra*. Under the guaranty agreement appellant agreed to be jointly and severally liable. The agreement was totally unconditional. Appellant agreed to pay the debt in case of default. This obligation can be enforced separately from the primary obligation and without the necessity of proceeding against the primary debtor. *Austad, supra*, at page 150.

AFFIRMED.