In re OTERO MILLS, INC., a New Mexico corporation, Employer ID No. 85–0194848, Debtor.

**Bankruptcy No. 82–00217 ML.**

United States Bankruptcy Court, D. New Mexico.

April 20, 1983.

Jennie Deden Behles, Albuquerque, N.M., for debtor.

Gail Gottlieb, Norman S. Thayer, Albuquerque, N.M., for Security Bank & Trust.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter is before the Court to consider confirmation of the debtor's proposed plan of reorganization. Pursuant to that plan, Security Bank & Trust (Security) is to receive payment on its secured notes if and when the property to be sold under the plan is in fact sold. Security will be deemed to have accepted the plan if its position is not impaired, but takes the legal posture that it can and does object because it is impaired. 11 U.S.C. § 1126(f). Accordingly, the issue for decision is whether Security's rights are impaired under the plan. That determination can be reached by comparing the treatment of the creditor under the plan with § 1124 of the Bankruptcy Code, 11 U.S.C. § 1124.

A class is not impaired if "the plan leaves unaltered the legal, equitable, and contractual rights to which such claim or interest entitles the holder of such claim or interest." *Id.* This section requires that there be no default on the contract either before or after the filing of the petition, and requires the debtor to continue making payments pursuant to the contract. Otero Mills was current on its payments to Security at the time of filing of the petition in bankruptcy; it defaulted after that time.

Under the proposed plan, Security will be paid in full upon sale of property, and thus, its legal and equitable rights will remain unaltered. But Security's contractual rights will be altered under the proposed plan. Under the terms of the contract, Otero Mills was to make monthly installment payments to Security. By proposing to pay Security in a lump sum upon sale of property, the debtor will alter the terms of

the original contract. Therefore, Security is impaired under § 1124(1).

The Code allows the debtor to cure a breach of contract under § 1124, which states:

Except as provided in section 1123(a)(4) of this title, a class of claims or interests is impaired under a plan unless, with respect to each claim or interest of such class, the plan—. . .

(2) notwithstanding any contractual provision or applicable law that entitles the holder of such claim or interest to demand or receive accelerated payment of such claim or interest after the occurrence of a default—

(A) cures any such default, other than a default of a kind specified in section 365(b)(2) of this title, that occurred before or after the commencement of the case under this title;

(B) reinstates the maturity of such claim or interest as such maturity existed before such default;

(C) compensates the holder of such claim or interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and

(D) does not otherwise alter the legal, equitable, or contractual rights to which such claim or interest entitles the holder of such claim or interest. . . .

11 U.S.C. § 1124. Upon default, even if the contract allows the creditor to accelerate the claim, if the debtor cures the default, reinstates the maturity of such claim, and compensates the creditor for damages and if there is no other alteration of rights, then the debtor may again pay the creditor according to the terms of the contract, and the creditor will not be impaired. 5 *Collier on Bankruptcy* § 1124.03 (15th ed. 1979) states:

Congress quite appropriately concluded that a person that receives the benefits of its original bargain is not impaired even if the plan modifies such person's rights by preventing such person from using a contractual or legal right of acceleration to terminate a valuable contract of the debtor in circumstances where the debtor is willing to cure past defaults and perform under the original terms of the agreement.

Since Otero Mills altered the terms of the contractual agreement by its default, it is allowed to cure the default by paying Security what is currently owed, plus damages, and is allowed to reinstate the maturity as it existed before the default. This is not what the debtor has proposed. Otero Mills intends to remain in default until such time as property sells. Only then will the default be cured, and only if such sales provide enough funds to do so. Section 1124(2) requires that the curing of the default occur as of the effective date of the plan because the creditor is impaired until the time the default is cured. The debtor's proposed plan does not meet this requirement.

The final method by which the creditor is deemed unimpaired is if the creditor is paid in full "on the effective date of the plan." 11 U.S.C. § 1124(3). Otero Mills has offered to pay Security in full when sufficient property is sold. The proposed plan does not meet the code provision as required under § 1124(3). Therefore, Security is impaired.

Two cases have addressed this issue with different results. In *In re Bel Air*, 2 C.B. C.2d 103, 6 B.C.D. 284, 4 B.R. 168 (Bkrtcy. W.D.Okl.1980), the court found that the creditor was not impaired under § 1124(1). But, the court concluded that even if the creditor were impaired, the plan did not discriminate unfairly, was fair and equitable, and should be confirmed under § 1129(b) even if the requirements of § 1129(a)(8) were not met. This Court cannot adopt this finding by the court in *Bel Air*. In interpreting the intent of Congress in drafting the Bankruptcy Code, we assume that the provisions of the Code were inserted for a purpose. The *Bel Air* court has effectively rejected the code provisions by combining the impairment hearing with cramdown procedures. That goes against

the clear intent of Congress. (For a discussion of cramdown, see Klee, "All You Ever Wanted to Know About Cram Down Under the New Bankruptcy Code," 53 *Am.Bankr. L.J.* 133 (1978).) If Congress had intended the courts to make their rulings despite the requirements of a Code provision not being met, the provision would not have been put in the Code.

Although the proposed plan appears to be fair and equitable, that finding at this time is irrelevant. The Code provisions regarding an impaired class are not met under the plan. Security is impaired.

*In re Barrington Oaks,* 5 C.B.C.2d 969, 8 B.C.D. 569, 15 B.R. 952 (Bkrtcy.W.D. Utah 1981), is factually closer to the case at hand than *Bel Air.* The contract in question had a "due-on-sale" clause which was avoided by the debtor, and the property transferred subject to the loan. The court held that the change of parties to the contract was an alteration of the contractual rights of the creditor under § 1124(1). The creditor was found to be impaired.

Otero Mills' failure to cure the default until the sale of plan property is accomplished, as proposed by its chapter 11 plan, is an equally significant alteration of the contractual rights of the creditor. This requires that we find, as did the Barrington Oaks court, that Security is impaired.

This opinion constitutes findings of fact and conclusions of law. Bankruptcy Rule 752.

An appropriate order shall enter.