TATE, Circuit Judge:
The United States was granted summary judgment against the Kimballs, codefendants. They appeal. We affirm.
The Kimballs had executed unconditional individual guaranties for the payment of a note executed by two corporations (“Stribling”) given to secure a loan by the Small Business Administration. Upon the corporate debtor’s default, this note had been transferred and assigned to this agency by the participating bank. On its suit against the Kimballs upon their guaranties, the United States was granted summary judgment.
(1)
On their appeal, the Kimballs principally contend, on various theories, that their unconditional guaranties of Stribling’s corporate obligation were somehow discharged or modified because Stribling, the corporate debtor(s), had filed a Chapter 11 reorganization proceeding under the Bankruptcy Code of 1978, 11 U.S.C. §§ 1101 et seq., and because the Chapter 11 plan of reorganization had been confirmed by the bankruptcy court, restructuring and reducing the net amount of the corporate debt owed on the corporations’ notes guaranteed by the Kimballs. The Kimballs argue that their obligations as guarantors were affected by the Chapter 11 proceeding in the following respects: 1) the confirmation of the plan cured the default on the previously accelerated corporate debt,[1] so that their *223 guaranties now guarantee only the restructured and reduced debt; 2) that the confirmation order acts as collateral estoppel or res judicata as to any claim that might be brought by the United States against the individual guarantors of the corporate debt; and 3) that the action of the United States in voting for the Chapter 11 reorganization plan estops the United States from pursuing its claim against the Kimballs on their guaranties of the pre-confirmation corporate debt.
The central fallacy of the Kimballs’ contentions is that they overlook, and indeed do not cite, an applicable provision of the Bankruptcy Code. Section 524(e), 11 U.S.C. § 524(e), provides that the “discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity, for such debt.” The corporate debtors, Stribling, but not the Kimballs, were parties to the Chapter 11 case and the proceedings thereunder. Thus, in the face of section 524(e), supra, the Kimballs misplace their reliance upon the Code’s provision that “the provisions of a confirmed plan bind the debtor ”, Section 1141(a), 11 U.S.C. § 1141(a) (as well as various specified entities, including those whose interest “is impaired under the plan”).
The jurisprudential interpretations are consistently contrary to the Kimballs' contentions, in the rare instances where they have been raised in the face of the ambiguous statutory statement of Section 524(e) of the 1978 Code and of the equivalent provision, Section 16, former 11 U.S.C. § 34, of the predecessor Bankruptcy Act. Indeed, the Kimballs cite or rely upon no relevant decisional expression in support of their contentions.
In this circuit, where we rejected generically similar contentions by the guarantors of a corporate debt that was modified in Chapter XI arrangement proceedings brought under the pre-Code Act, we stated that “[t]he arrangement does not affect the responsibility of [the corporations’] guarantors to make good on the unpaid portion of the guaranteed debts that remain after the arrangement is completed.” R.I.D.C. Industrial Development Fund v. Snyder, 539 F.2d 487, 494 (5th Cir.1976), cert. denied, 429 U.S. 1095, 97 S.Ct. 1112, 51 L.Ed.2d 542 (1977). See, to the same effect, United States v. Beardslee, 562 F.2d 1016, 1023 (6th Cir.1977), cert. denied, 439 U.S. 833, 99 S.Ct. 113, 58 L.Ed.2d 128 (1978); United States v. Anderson, 366 F.2d 569, 571 (10th Cir.1966).
Similarly, in United States of America on Behalf of its Agency, the Small Business Administration v. Kurtz, 525 F.Supp. 734 (E.D.Pa.1981), aff'd without opinion, 688 F.2d 827 (3d Cir.), cert. denied, 459 U.S. 991, 103 S.Ct. 347, 74 L.Ed.2d 387 (1982), the court granted summary judgment to the United States against the unconditional guarantor. The court rejected, inter alia, estoppel arguments (similar to those presently made), by which the guarantor had contended that the participation of the Small Business Administration in the Chapter XI proceedings required the government to look solely to the reorganized debtor for repayment of the loan. 525 F.Supp. at 742-44.
We therefore have little difficulty in affirming the determination of the district court that the obligation of the Kimballs, as unconditional guarantors of the corporate obligation to pay its Small Business Administration loan in full,[2] was not affected by confirmation of the reorganization plan by which the corporate debt was restructured and reduced, nor by the participation of the creditor United States Agency in the Chapter XI proceedings that resulted in such restructuring and reduction of the corporate debt. Consequently, the district *224 court did not err in holding the Kimballs liable upon their unconditional guaranties to the United States, assignee creditor of the corporate debt, for the entire original corporate debt that was guaranteed by the Kimballs, subject to credit for amounts paid on this debt by or on behalf of the corporate obligor.
(2)
The Kimballs also raise, as a procedural issue, a contention that the district court erred in failing to grant their interlocutory motion to vacate the summary judgment after it had been granted to the United States. The ground relied upon was that the United States, in serving a copy of the motion for summary judgment upon the Kimballs, had neglected to include copies of their unconditional guaranties in the otherwise complete attachment of copies of the affidavits and instruments to the motion for summary judgment. A copy of these guaranties was, however, included with the original motion for summary judgment filed with and subsequently granted by the district court. The Kimballs claim that the failure to serve these attachments to the motion violated the requirements of Fed.R.Civ.P. 5(a) and 56(e) that sworn or certified copies of all papers referred to in an affidavit shall be served upon opposing parties.
Preliminarily, we note that the guaranties in question were attached to and made part of the original complaint by the United States; that in their answers, filed prior to the United States’ motion for summary judgment, the Kimballs had admitted without qualification their execution of the instruments; and that summary judgment may be granted “if the pleadings, depositions ... and affidavits on file, if any, show that there is not genuine issue as to any material fact.” Fed.R.Civ.P. 56(c). See, e.g., 10 Wright, Miller, and Kane, Federal Practice and Procedure, § 2722 at pp. 46-47 (1983).
We further note that, in their response to the motion for summary judgment, the Kimballs did not contest their execution of these unconditional guaranties nor raise any issue as to the failure of the mover for summary judgment to include with the copy of the motion served upon them the copies of the guaranties as corroborating the affidavits and exhibits attached to the motion.
The district court, therefore, did not err in denying the Kimballs’ motion to vacate the previously granted summary judgment against them simply because of the mover’s inadvertent failure to attach (perhaps unnecessarily) copies of the uncontested guaranties to the copy of the motion for summary judgment served upon the Kim-balls as the opponents to the motion.

Conclusion

Accordingly, we AFFIRM the judgment of the district court.
AFFIRMED.

. By the summary judgment, the Kimballs were held liable for the accelerated balance due upon the notes, subject to credit for any payments made by Stribling, the corporate debtor.

. See as to the obligation of the unconditional guarantor to pay the corporate debt guaranteed by him under the Small Business Administration unconditional guaranty, United States v. Southern Cycle Acess, Inc., 567 F.2d 296 (5th Cir.1978); United States v. Dubrin, 373 F.Supp. 1123 (W.D.Tex.1974).