**In re COLONIAL DRIVE, INC., Debtor.**

**COLONIAL DRIVE, INC., Plaintiff,**

v.

**SOUTHEAST BANK, Defendant.**

**Bankruptcy No. 85–3441–BK–T.
Adv. No. 86–114.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 21, 1986.

S. Thomas Padgett, Tampa, Fla., for plaintiff/debtor.

John H. Rains, III, Tampa, Fla., for defendant.

ORDER ON VERIFIED MOTION FOR PRELIMINARY INJUNCTION OF COLONIAL DRIVE, INC., DEBT-OR/PLAINTIFF

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration is a motion for preliminary injunction filed by Colonial Drive, Inc. (Debtor). The Debtor seeks a preliminary injunction to prohibit Southeast Bank, N.A. (Bank), from proceeding with the currently pending civil suit filed by the Bank against Donald P. Fischer, James G. Bingham and John M. Cherry, in the Circuit Court in and for Hillsborough County, Florida, Case No. 85–20882. The evidence presented in support of the motion reveals the following facts pertinent to the resolution of the matter under consideration.

Colonial Drive, Inc., the Debtor, is the owner of 18 condominium units located in Tampa, Florida, which units are encumbered by a first mortgage in favor of the Bank securing an indebtedness in the approximate amount of $560,000. It is indicated by the testimony of the President of the corporation that the property might

have a retail value of $1,000,000. Mr. Fischer, Mr. Bingham and Mr. Cherry are sole stockholders of the Debtor, and Mr. Fischer claims to devote his full time to the affairs of the Debtor which consists of an attempt to retail the condominium units or, in the alternative, to market the entire package as part of a plan of reorganization. The Chapter 11 petition by Debtor was filed on November 22, 1985. No plan or disclosure statement has been filed, and the Debtor did not seek an extension of the time to file a plan of reorganization. It appears that Mr. Bingham is wholly incapacitated at this time due to a stroke and does not participate at all in the affairs of the Debtor. Mr. Fischer claims to spend his full time looking after the affairs of the Debtor and Mr. Cherry also, but to a lesser extent. It appears that after the commencement of the case the Debtor received some funds from an entity known as Townhouse Technologies, Inc., Westshore Properties, Inc., and Mr. Fischer, the President of the corporation, for the purpose of defraying its current operating expenses. It appears that Mr. Fischer is also involved, although not alone, with the affairs of Townhouse and Westshore. None of these advances were authorized by the Court. It further appears that the Debtor has some other income from the rental of one of the condominium units.

There is nothing in this record to indicate that any of the individually owned assets of the principals of the Debtor will be used to fund a plan of reorganization nor is there any evidence in this record to indicate that the credit of these individual non-debtors will play a meaningful or important part in the Debtor's efforts to achieve a reorganization through refinancing or through the infusion of equity capital, c.f. *St. Petersburg Hotel Associates, Ltd.,* 37 B.R. 380 (Bkrtcy.M.D.Fla., 1984).

These are the relevant facts which, according to the Debtor, would warrant the relief prayed for and this Court should prohibit the Bank from taking any further steps against Messrs. Bingham, Fischer and Cherry in the civil suit filed by the Bank against them based on their personal guaranties of the prime obligation of the Debtor.

It is a well established proposition that the party seeking injunctive relief under § 105 of the Bankruptcy Code to protect non-debtors by the automatic stay have a heavy burden to establish convincing evidence that unless the relief is granted the Debtor, and not the non-debtor whose protection is sought will suffer irreparable harm, and if the relief is granted would not injure or harm the party against whom the injunction is issued and the party seeking the relief will have a realistic chance to prevail ultimately at the final evidentiary hearing. As stated in the case of *Landis v. North American Company,* 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153, 158 (1936), before a petitioner is entitled to relief he must show " 'a clear case of hardship' or 'inequity' if there is 'a fair possibility that the stay would work damage on another party.' " Thus, the appropriateness of granting such relief to a non-debtor was held to be justified only under exceptional circumstances. See *In re Otero Mills, Inc.,* 31 B.R. 185 (Bkrtcy.N.M.1983); *In the Matter of Old Orchard Inv. Co.,* 31 B.R. 599 (Bkrtcy.W.D.Mich.1983); *St. Petersburg Hotel Associates, Inc.,* supra; *A & B Heating Corporation,* 48 B.R. 401 (Bkrtcy.M.D.Fla., 1985). Based on these cases, this Court is satisfied that this Debtor failed to carry the burden and establish the requisite degree of proof that it is entitled to the relief sought at this time for the following reasons: First, the activity of this Debtor is minimal; and second, the Debtor had already obtained funds albeit without authorization from some of these individual non-debtors, and also from some other entities controlled by Mr. Fischer. Thus, it is clear that these entities could just as well advance the funds necessary to defend against civil suits filed against them. Since there is no proof at this time that either of the properties of these individuals will be devoted to fund a plan of reorganization, or that the preservation of their credit would be imperative because it

is needed to fund a plan of reorganization, the motion cannot be granted.

ORDERED, ADJUDGED and DE-CREED that the Verified Motion for Pre-liminary Injunction filed by Debtor is denied.  It is further

ORDERED, ADJUDGED and DE-CREED that a final evidentiary hearing will be scheduled and heard before the undersigned on the 15th day of July, 1986, at 1:30 o'clock P.M.