**PLAZA OF THE AMERICAS, LTD., Appellant,**

v.

**Mary E. RODGERS, Appellee.**

**No. 05–86–00246–CV.**

Court of Appeals of Texas, Dallas.

Feb. 18, 1987.

Richard D. Pullman, Dallas, for appellant.

E.P. Keiffer, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, HOWELL and McCRAW, JJ.

McCRAW, Justice.

Plaza of the Americas, Ltd. (Plaza) sued Mary E. Rodgers on a guaranty of a lease to Executravel, Inc. d/b/a Rodeo a/k/a Rodeo, Inc. (Rodeo), a corporation in bank-

ruptcy. The facts were stipulated and both parties moved for summary judgment. The court overruled Plaza's motion and sustained Rodger's motion on the ground that Rodgers was a corporate insider and as such was discharged from the guaranty by the reorganization plan adopted by the Bankruptcy court. We hold that even though Rodgers may be an insider, she is a primary obligor on the lease and that her liability is not discharged by the reorganization plan. Accordingly, we reverse the trial court's judgment and render judgment for the stipulated amount due to Plaza.

Plaza brought suit to enforce a document styled "Guarantee," which was signed by Rodgers solely in her individual capacity which stated that Rodgers:

guarantees the payment and performance of and agrees to pay and perform as a *primary obligor* all liabilities, obligations and duties ... imposed upon Tenant [Rodeo] under the terms of the Lease, as if the undersigned had executed the Lease as Tenant thereunder.... (Emphasis added).

The parties stipulated that Rodeo owes Plaza $97,723.12 in accrued rentals and that Rodgers is entitled to offsets and credits totalling $42,739.78.

Rodeo filed for reorganization under Chapter 11 of the Bankruptcy Code. A reorganization plan confirmed by the Bankruptcy Court stated that it would "operate as a discharge of any liability of any insider of [Rodeo] incurred by reason of [its] operation...." Rodgers asserts that this provision releases her from liability under the guaranty because she is an insider of the bankrupt and because the rent-liabilities were incurred by reason of Rodeo's operations. In two points of error Plaza asserts that the trial court erred in granting Rodgers' motion for summary judgment because her insider status has no relevance to the guaranty and her liability has not been discharged by Rodeo's bankruptcy. We agree.

Rodgers agreed to pay and perform all of Rodeo's obligations under its lease as a "primary obligor" as though she had "executed the Lease as Tenant." Rodgers' liability is primary rather than secondary. She is an absolute unconditional guarantor. *See Universal Metals and Machinery, Inc. v. Bohart,* 539 S.W.2d 874, 877 (Tex.1976) (adopting the rationale of Justice Guittard's opinion dissenting from the judgment of the court of civil appeals in the same case, *Bohart v. Universal Metals and Machinery, Inc.,* 523 S.W.2d 279, 288–89 (Guittard, J., dissenting)). As Rodgers is primarily liable for the rent debt, the fact that Rodeo's liabilities, and those of insiders incurred by reason of the company's operations, were subject to the bankruptcy order does not affect her primary obligation to Plaza under the guaranty contract. *See United States v. Stribling Flying Service, Inc.,* 734 F.2d 221, 223 (5th Cir.1984); 11 U.S.C. § 524(e) (1979 & Supp.1986).

We recognize that a bankruptcy court may grant an injunction to prevent the enforcement of a guaranty, even an absolute one, when such an action is justified by "exceptional circumstances." *In re Colonial Drive, Inc.,* 59 B.R. 876, 877 (Bankr. M.D.Fla.1986); *see* 11 U.S.C. § 105 (Supp. 1986). Such a situation generally exists when the bankruptcy court specifically finds that enforcing a guaranty would significantly hinder the debtor's efforts to achieve rehabilitation. *See id.; Matter of St. Petersburg Hotel Associates, Ltd.,* 37 B.R. 380, 381–82 (Bankr.M.D.Fla.1984); *In re Otero Mills,* 31 B.R. 185 (Bankr.D.N.M. 1983). There is no showing in the present case that the bankruptcy court in its ruling found that a judgment against Rodgers would have an impact on Rodeo's effort to reorganize. *See Matter of St. Petersburg Hotel,* 37 B.R. at 382. Nothing in the bankruptcy court's confirmation order enjoins Plaza's efforts to enforce the guaranty in state court. We sustain Plaza's points of error one and two.

When both parties move for summary judgment, as in the present case, the reviewing court should determine all questions presented, including the propriety of the denial of the losing party's motion. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958); *Greenville Independent School District v. B & J Excavating, Inc.,*

694 S.W.2d 410, 412 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). We have reviewed the motions and evidence presented and all doubts as to the existence of a genuine issue of material fact have been resolved against the summary judgment movant. *See Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). As the evidentiary facts have been stipulated by the parties and we have held that Rodgers' guaranty was not discharged by the bankruptcy order confirming the reorganization, we hold that there are no fact issues to be determined. Therefore, rendition of judgment in favor of Plaza is appropriate. The stipulated amount of accrued past-due rental payments, $97,723.12, is offset by the stipulated amount of Rodgers' credits $42,-739.78. Accordingly, Rodgers must honor her guaranty for a total of $54,983.34. The parties also stipulated that Plaza incurred reasonable attorney's fees of $6,500 in prosecuting its claim. We reverse the judgment of the trial court and render judgment for Plaza for $61,483.34.

HOWELL, Justice, dissenting.

I dissent. This court has confused between (1) that which was done and (2) that which should have been done.

The plan of reorganization was written in plain English; when approved, it became the judgment of the bankruptcy court. It is quoted by the majority but not followed. It says that an order of confirmation "discharge ... any liability of any insider ..." (Maj. op. at 828). The majority opinion of this court further confirms that the creditor did not contest the appellee guarantor's status as an insider. Clearly, under the terms of the bankruptcy plan, the creditor's right to pursue the guarantor has been barred.

It is urged that appellee guarantor was not a party to the bankruptcy. *What of it?* Appellant creditor *was a party* to the bankruptcy. Appellant creditor was given adequate notice of the plan of reorganization under which appellee's liability was discharged. If dissatisfied with the bankruptcy plan, it should have appealed. Patently, state courts have no right to engage in the

appellate review of bankruptcy court proceedings.

The creditor has convincingly argued to us that the guarantor assumed primary liability and that preservation of this liability would not "significantly hinder ... rehabilitation" (Maj. op. at 828). No matter how true this may be, no matter how error-laden the bankruptcy proceedings, the appellee creditor is still in the wrong court. The avenues of appeal from a bankruptcy court are plainly marked and they do not include the state court system.

I dissent. For the reasons stated, the judgment below should be affirmed.