Whitehead, J.
Plaintiff Curt R. Feuer, Trustee of the Montvale Place Realty Trust (“the Trust”), seeks summary judgment against defendant Ilya Krasnyansky (“Krasnyansky”), the guarantor of a lease between the Trust and I.M. Inc. The Trust seeks $28,026.75, which represents the remaining balance of $36,369.00 assessed as costs against I.M. Inc. in a separate suit, pursuant to a clause in the lease which allocated litigation costs.
In opposition, Krasnyansky alleges that the Trust has no grounds to enforce the guaranty because I.M. Inc. has not defaulted on its obligations to the Trust. Krasnyansky claims that because I.M. Inc. has paid, and intends to continue paying the Trust pursuant to its Chapter 11 reorganization plan, it is not in default. Secondly, Krasnyansky alleges that the Trust has waived its recourse against him because it elected to secure a claim in bankruptcy against I.M. Inc. and chose not to oppose the reorganization plan. Finally, Krasnyansky contends that even if I.M. Inc. has defaulted, there exists a genuine issue of material fact as to the amount due under the guaranty.
After argument and consideration, this court concludes that the Trust is entitled to summary judgment in its favor. Krasnyansky’s argument that I.M. Inc. has not defaulted on its obligations to the Trust must fail. While I.M. Inc. may be current in its payments under the reorganization plan, it does not follow that I.M. Inc. is not in default of the court’s October 19, 1993 judgment, which was payable in full once entered. There are no grounds for suggesting that because I.M. Inc. filed bankruptcy during the pendency of its suit against the Trust, a suit which I.M. Inc. ultimately lost, the reorganization plan necessarily intercepts and supersedes the Trust’s right to full payment on its judgment, which payment has not been made.
Krasnyansky’s estoppel/waiver argument must also fail. He remains liable on the guaranty notwithstanding the Chapter 11 reorganization. Section 524(e) of the Bankruptcy Code provides in relevant part that “discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.” In United States u. Stribling Flying Service, one of the seminal cases in this area, the Fifth Circuit Court of Appeals relied on §524(e) to rule that the obligations of the guarantors of two notes were unaffected by the Chapter 11 reorganization of the corporate debtor, even though the party to whom the guaranties ran (the United States) had voted in favor of the reorganization plan. 734 F.2d 221, 223 (5th Cir. 1984). In Pemstein v. Stimpson, the Massachusetts Appeals Court embraced the reasoning of Stribling, holding that “ [guarantors are still liable on the entire original primary debt, notwithstanding the debtor’s chapter 11 petition and notwithstanding confirmation of a plan that reduced the corporate debtor’s debt to the creditor.” 36 Mass.App.Ct. 283, 293-94, rev. denied, 418 Mass. 1013 (1994). See also In re Sure-Snap Corp., 983 F.2d 1015, 1019 (11th Cir. 1993); F.D.I.C. v. Municipality of Ponce, 904 F.2d 740, 747-48 (1st Cir. 1990); In re American Hardwoods, Inc., 885 F.2d 621, 625-26 (9th Cir. 1989); UnderhM v. Royal, 769 F.2d 1426, 1432 (9th Cir. 1985) (“When a bankruptcy court discharges the debtor, it does so by operation of the bankruptcy laws, not by consent of the creditors”); Union Carbide v. Newboles, 686 F.2d 593, 595 (7th Cir. 1982); R.I.D.C. Indus. Development Fund v. Snyder, 539 F.2d 487, 490 n. 3 (5th Cir. 1976); United States v. Anderson, 366 F.2d 569, 571 (10th Cir. 1966); F.D.I.C. v. Lapierre, 144 B.R. 581, 584-85 (D.Me. 1992); Ben-Kel Assocs. Ltd. Partnership v. Clark, 83 B.R. 357, 358 *237 (D.Md. 1988); Bencota, Inc. v. Schneider, 41 B.R. 878, 879 (E.D. Mich. 1984); In reScranes, Inc., 67 B.R. 985, 989 (Bankr. N.D. Ohio 1986). Thus, the filing of the reorganization plan and acceptance (via no opposition) of that plan neither constituted a waiver of the initial default, nor relieved Krasnyansky of his obligations under the guaranty. This is true even though the Trust has accepted payments under the plan.
Rrasnyansky’s final argument is also insufficient to overcome summary judgment. To the extent that there existed an issue as to the amount of I.M. Inc.’s debt, due to the Trust’s retention of a $3000.00 security deposit, that issue has been resolved. At oral argument, the Trust agreed to credit the retained security deposit toward the outstanding debt, and to waive attorneys fees. The remaining outstanding balance is therefore indisputably $25,026.75 ($36,369.00 less payments of $8,342.35, and a credit of $3,000.00).
ORDER
For the foregoing reasons, it is hereby ORDERED that the Motion for Summary Judgment of plaintiff Curt R. Feuer, as the Trustee of the Montvale Place Realty Associates Trust, be ALLOWED. Judgment shall enter for the plaintiff in the amount of $25,026.75.