### In the Matter of TWIST CAP, INC., Debtor.

### TWIST CAP, INC., Plaintiff,

### v.

### SOUTHEAST BANK OF TAMPA, Aluminum Company of America, and Central Can Company, Defendant.

### Bankruptcy No. 79–1170–T.

United States Bankruptcy Court, D. Florida, Tampa Division.

Nov. 6, 1979.

Stanley M. Lane, Tampa, Fla., for plaintiff.

Francis H. Cobb, Tampa, Fla., for defendant.

### ORDER DENYING MOTION TO DISMISS

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS an arrangement proceeding and the matters under consideration are the mo-

tions to dismiss the complaint filed by the defendants, Aluminum Company of America (Alcoa) and Central Can Company (Central). In order to put this controversy into proper focus, a recital of the relevant facts and procedural posture of this case is in order.

It is without dispute that on March 28, 1978, Twist Cap, the above-named debtor, entered into a security agreement with the Southeast Bank (the Bank) which secured monies paid by the Bank on behalf of the debtor. It is also without dispute that on December 5, 1977, and June 14, 1978, the Bank issued two letters of credit for the account of the debtor, each in the amount of $30,000 which were payable to the defendant Alcoa. Additionally, on March 19, 1979, the Bank issued a letter of credit in the amount of $25,000 for the account of the Debtor, payable to the defendant Central. On August 22, 1979, the debtor filed a petition for relief under Chapter XI and on August 28, 1979, the debtor filed a complaint and sought an order restraining the Bank from honoring the letters of credit. The complaint under consideration was originally filed only against the Bank, but Alcoa and Central were later added as party defendants.

On August 29, 1979, the debtor obtained a Temporary Restraining Order prohibiting the Bank from honoring the letters of credit payable to Alcoa and Central until a full and final hearing on the matter could be had. On September 6, 1979, Alcoa and Central each filed motions to dismiss the complaint both of which challenged this Court's subject matter jurisdiction over the dispute and also the in personam jurisdiction over the defendants in that no service of process was made on either defendant. At the hearing on the motions to dismiss, however, the defendants waived any defects in service of process leaving only the challenge as to subject matter jurisdiction for consideration.

It is the position of the Bank that it will honor the letters of credit upon presentment, unless enjoined by order of this court, and that, by virtue of the security agreement entered into by the Bank and the debtor on March 28, 1978, the security interest created thereby would extend to and will cover the total obligation owed by the debtor to the Bank including the monies paid by the Bank on the letters of credit to Alcoa and Central.

■ It is the contention of the defendants that inasmuch as this Court's jurisdiction is limited to the "properties" of the debtor under Sec. 311 of the Bankruptcy Act, that this Court is without jurisdiction of this controversy because the letters of credit are not "properties" of the debtor. In support of this contention, the defendants cite *In re Marine Distribution, Inc. v. Smith*, 522 F.2d 791 (9th Cir. 1975) where the Court of Appeals for the Ninth Circuit held that the Court had no summary jurisdiction over letters of credit or the monies of the bank represented by them, and that the court lacked the power to enjoin payment of such letters of credit.

The holding of the Court of Appeals when viewed in the narrow context of that case is correct. It should be pointed out, however, that the court also stated that the bankruptcy court's jurisdiction depends on whether or not the letters outstanding in the hands of third parties are or are not secured by properties of the bankrupt. This is precisely the position taken by the debtor and is clear that these letters of credit are in fact secured by properties of the debtor and that if they are honored by the Bank, the Bank will assert that the properties of the debtor included in the collateral previously pledged secure all indebtedness of the debtor owed to the Bank including the sums paid out by the Bank in honoring the letters of credit. In addition, to permit these two unsecured creditors to receive a payment, possibly in full, on the pre-petition indebtedness owed to them by the debtor would amount to an impermissible preferential treatment of these two unsecured creditors which is contrary to the scheme of Chapter XI and would certainly be counterproductive to the debtor's efforts to obtain rehabilitation.

Whether or not Sec. 311 of the Bankruptcy Act is the basis of jurisdiction is really immaterial because it is clear that the automatic stay provision of Bankruptcy Rule 11–44 is not exclusive and that the debtor may apply for injunctive relief under the powers granted the court by Sec. 2a(15) of the Bankruptcy Act.

These conclusions should not be construed to be a determination of the debtor's ultimate right to stop payment of these letters of credit, but pending such determination, it is imperative to preserve the status quo, and in light of the fact that the jurisdictional challenge is rejected, the temporary restraining order should be deemed to be converted into a preliminary injunction to protect the debtor until disposition of the controversy on its merits.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss filed by Aluminum Company of America and the Motion to Dismiss filed by Central Can Company, be and the same, are hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Southeast Bank of Tampa, be and the same, is hereby enjoined, pending further order of this court, from honoring those letters of credit being Nos. 1034, 1037 and 1047 payable to Aluminum Company of America and Central Can Company respectively. It is further

ORDERED, ADJUDGED AND DECREED that the defendants shall file and serve responsive pleadings to the complaint within 20 days from the date of entry of this order. It is further

ORDERED, ADJUDGED AND DECREED that the pre-trial conference in this adversary proceeding is set for December 13, 1979 at 9:30 a. m. in Room 436 of the Post Office Building in Downtown Tampa, Florida.