In the Matter of PLANES, INC., Debtor.

PLANES, INC., Plaintiff,

v.

FAIRCHILD AIRCRAFT CORPORA-TION, f/k/a Fairchild Swearingen Corporation and Landmark First National Bank of Ft. Lauderdale, Florida, Defendants.

Bankruptcy No. 83–01037A.
Adv. No. 83–1070A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

May 5, 1983.

---

William F. Welch, John T. Ruff, Neely & Player, Atlanta, Ga., for Planes, Inc.

Paul H. Anderson, Jr., Mitchell, Clarke, Pate, Anderson & Wimberly, Atlanta, Ga., John D. Briggs, Howrey & Simon, Washington, D.C., for Fairchild Aircraft Corp.

Karen F. White, Zusmann, Small & Stamps, Atlanta, Ga., for Landmark First Nat. Bank of Ft. Lauderdale, Fla.

## MEMORANDUM OF OPINION AND ORDER

A. DAVID KAHN, Bankruptcy Judge.

The Debtor filed the above-styled adversary complaint seeking to enjoin Defendant Fairchild from drawing down on a letter of credit in the amount of $500,000 issued by Defendant Landmark First National Bank of Ft. Lauderdale (hereinafter Landmark). Although named as a defendant, the Debtor seeks no relief against Landmark. A hearing was held on May 4, 1983. All parties were represented by counsel except Landmark. After considering arguments of counsel and legal authority cited to the Court, the Court declines to enter the injunctive relief sought by the Debtor.

The Debtor relies upon the case of *In re Twist Cap, Inc.,* 1 B.R. 284 (Bkrtcy.D.Fla. 1979), in which the Court held that the automatic stay was applicable to letters of credit. In that case, Judge Paskay entered a temporary restraining order to preserve the status quo so that the rights of the parties could be determined. The Court reasoned, in part, that to permit the beneficiary to draw down on a letter of credit would be tantamount to an impermissible preference and would be "counterproductive to the debtor's efforts to obtain rehabilitation." *Id.* at 285. For the reasons stated below, this Court declines to follow the rationale of *Twist Cap.*

An issuing bank honors a letter of credit and pays the beneficiary with its own funds; property of the estate is not involved. *In re M.J. Sales & Distributing Co., Inc.,* 25 B.R. 608, 614 (Bkrtcy.S.D.N.Y.1982). The automatic stay under 11 U.S.C. § 362 is not violated since no new liens are created when the letter of credit is drawn upon. Landmark's lien against the Debtor's property was created at the time the letter of credit was issued. See *In re Page,* 18 B.R. 713, 716 (D.C.D.C.1982).

The Debtor argues that if Fairchild is permitted to draw down on the letter of credit, Landmark, which is now an over-secured creditor, will become an under-secured creditor, and, as such, will seek to gain possession of its security. This, the Debtor claims, would put it out of business. However, the automatic stay under Section 362 would prevent Landmark from taking possession of the property without a trial on the merits of its claim and security interest. Furthermore, Landmark may choose not to seek relief from the stay. The Debtor also argues that Fairchild should be enjoined from drawing down on the letter of credit because it has claims against Fairchild in excess of the amount of the letter. The Debtor's right to seek recovery against Fairchild is not impaired by Fairchild's drawing down on the letter of credit. The letter of credit expires on May 8, 1983.

For this Court to enjoin Fairchild from drawing down thereon would unquestionably cause irreparable injury to it once May 8 has past. Letters of credit serve an important function in commerce. If courts allowed the filing of a bankruptcy petition to stay the payment on a letter of credit, that function would be seriously impaired; a "letter of credit would become a dubious device for securing credit." *In re Page,* at 717. The Court finds that the Debtor has failed to establish any ground upon which injunctive relief should be granted.

A judgment in accordance with the above reasoning is entered contemporaneously herewith.