In the Matter of ST. PETERSBURG HOTEL ASSOCIATES, LTD., Debtor.

ST. PETERSBURG HOTEL ASSOCIATES, LTD., Plaintiff,

v.

ROYAL TRUST BANK OF ST. PETERSBURG, INC., Defendant.

Bankruptcy No. 82–1065.
Adv. No. 83–718.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 2, 1983.

See also, Bkrtcy., 37 B.R. 380.

Howard Batt, Clearwater, Fla., for Royal Trust Bank.

Domenic L. Massari, III, Tampa, Fla., David L. Schrader, St. Petersburg, Fla., for debtor.

## ORDER ON MOTION FOR PRELIMINARY INJUNCTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion for Preliminary Injunction filed by St. Petersburg Hotel Associates, Ltd. (Associates), the Debtor currently involved in the above-captioned adversary proceeding.

On July 11, 1983, Associates filed a Complaint and sought injunctive relief against Royal Trust Bank of St. Petersburg, Inc. (Royal Trust). The injunctive relief was sought in order to protect the general partner, Darrell Wild and LuAnn Wild, his wife, who are currently involved in a litigation instituted against them by Royal Trust in the state court. The legal sufficiency of the original complaint was challenged by Royal Trust by a Motion to Dismiss.

On September 22, 1983, this Court entered an order and granted the Motion to Dismiss and dismissed the Complaint without prejudice granting leave to amend the Complaint within 10 days from the date of entry of the Order.

On October 3, 1983, Associates filed an Amended Complaint in which it also sought injunctive relief against Royal Trust. There was no further action in the proceeding until November 1, 1983, on which date Associates filed the Motion under consideration in which it seeks a preliminary injunction prohibiting Royal Trust from proceeding with the final hearing scheduled in the state court to be held on November 2, 1983 at 11:00 a.m. The state court action is against Darrell Wild and his wife who are guarantors of several obligations of Associates, including the obligation owed by Associates to Royal Trust. It is the contention of Associates that it is entitled to the injunctive relief because in the event Royal Trust is permitted to proceed and obtain a judgment against the general partner, Darrell Wild, the ability of Darrell Wild to procure the funds necessary for reorganization would be destroyed which, in turn, would frustrate the efforts of Associates to achieve reorganization and ultimately prevent Associates to reorganize. In this connection it is urged by Associates that Darrell Wild, if the plan is confirmed, will be able to refinance certain obligations owed by him at this time to a Wisconsin bank which would enable him to obtain between $300,000 and $600,000 and if the plan is confirmed, he will be able to obtain from the limited partners additional infusion capital in the amount of $1.8 million all of which will be rendered impossible if Royal Trust is permitted to proceed and obtain a judgment.

It does not appear from the Complaint, but it is now urged by Associates, that if Royal Trust is permitted to obtain a judgment against Mr. Wild and levy on his partnership interest, he would be removed and since he is an indispensable factor in a successful reorganization, this would visit an irreparable harm on Associates. Therefore, the injunctive relief sought is proper and should be granted.

The evidence presented in support of the relief sought fails to disclose that Mr. Wild does, in fact, have a binding contractual committment from the Wisconsin bank for refinancing his currently outstanding obli-

gations owed to the Wisconsin bank. Neither does he have anything firm from the limited partners as to their willingness to infuse the additional capital of $1.8 million. Moreover, LuAnn Wild is not a general partner and there is no legal justification to protect her, a non-debtor, from the action against her by Royal Trust.

Associates contends that based on the case of *In re Otero Mills, Inc.,* 25 B.R. 1018 (D.C.N.M.1982), guarantors of corporate obligations could be temporarily protected against lawsuits if it is necessary to protect the interest of the estate. The reliance on *Otero, supra* by Associates is somewhat misplaced. *Otero, supra* can be very easily distinguished from the facts involved in the case. *Otero, supra* involved a firm pledge by the corporate officer of the proceeds of the sale of a specific, identifiable property, the proceeds which were to fund the plan of reorganization. In the present instance, there is a mere possibility of borrowing monies and a possibility of procuring additional capital, all of which depend on the ability of Associates to obtain confirmation of its plan. Associates realizes, as it must, the lack of persuasive force of *Otero, supra.* Associates points out, however, that a partnership case is different from a corporate case because a judgment against a general partner directly affects the partnership since the assets of the general partner are indirect assets of the partnership in case the assets of the partnership are insufficient to respond fully to the debts of the partnership; *citing, In the Matter of Old Orchard Inv. Co.,* 31 B.R. 599, 10 B.C.D. 1200 (D.C.W. D.Mich.1983). While this case, at first blush, furnishes support for the proposition urged by Associates, it does not bear close analysis when viewed in light of the facts involved in this case.

In the present instance, there is a competing plan before this Court filed by St. Petersburg Bayfront Hotel Corp., the holder of the first mortgage on the property. This plan, if confirmed, would eliminate Mr. Wild completely from the picture and whether or not there would be a need to reach out and subject his individually owned assets to partnership debts would become academic. This is so because in the partnership case, the individual assets of the general partners are subject to liquidation only in a Chapter 7 case and cannot play any role in a confirmed plan of reorganization. The argument that Mr. Wild is indispensable to a successful reorganization thus, is problematical and far from certain in light of the possibility that the competing plan will succeed.

This being the case, this Court is satisfied that the proof presented falls short of the degree required to establish that there will be irreparable harm suffered by the estate if the injunction is not issued; that there is a strong likelihood of success on the merits; and lastly, no harm, or at least, minimal harm, will be suffered by the other party involved, all of which are indispensable to the relief sought. *In re Lamar Estates, Inc.,* 5 B.R. 328 (Bkrtcy.E.D.N.Y.1980).

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Preliminary Injunction filed by St. Petersburg Hotel Associates, Ltd. be, and the same hereby is, denied.