In the Matter of ST. PETERSBURG HO-
TEL ASSOCIATES, LTD., Debtor.

ST. PETERSBURG HOTEL ASSOCI-
ATES, LTD., Plaintiff,

v.

ROYAL TRUST BANK OF ST.
PETERSBURG, Defendant.

Bankruptcy No. 82-1065.
Adv. No. 83-718.

United States Bankruptcy Court,
M.D. Florida, Tampa Division.

Jan. 25, 1984.

Howard Batt, Clearwater, Fla., for Royal
Trust Bank.

Domenic L. Massari, Tampa, Fla., David
L. Schrader, St. Petersburg, Fla., for debt-
or.

ALEXANDER L. PASKAY, Chief Judge.

ORDER ON COMPLAINT FOR
INJUNCTIVE RELIEF

THIS IS the next, and hopefully the last,
round in the above-captioned adversary pro-
ceeding instituted by St. Petersburg Hotel
Associates, Ltd. (Associates) by a Complaint
which sought injunctive relief against Roy-
al Trust Bank of St. Petersburg (Royal
Trust), the Defendant named in the pro-
ceeding.  Shortly after the commencement
of the proceeding, Associates filed a Motion
for Preliminary Injunction and sought an
order prohibiting Royal Trust to proceed in
a pending state court action filed by Royal
Trust against Darrell Wild and his wife,
LouAnn Wild, both of whom are non-debt-
ors, although Mr. Wild is a general partner
of Associates.

On November 2, 1983, this Court entered
an order and denied the Motion for Prelimi-
nary Injunction, 36 B.R. 524.  In the inter-
im, Associates also filed a Motion for Tem-
porary Restraining Order and a Motion for
Rehearing.

On January 3, 1984, this Court entered an
order and denied the Motion for Rehearing.

However, the order did not act on the Motion for Temporary Restraining Order.

The present matter under consideration is a Motion filed by Associates on January 5, 1984 which sought a final evidentiary hearing on its request for a permanent injunction. On the same date, this Court entered an order and originally scheduled a final evidentiary hearing for January 31, 1984. However, inasmuch as the final evidentiary hearing in the state court proceeding is now scheduled to be held on January 23, 1984, an earlier hearing was requested. The request was granted and the matter was rescheduled for January 17, 1984.

The record as established at the final evidentiary hearing consists of the following matters: the testimony received at both the initial hearing and the second hearing; an order heretofore entered by this Court which authorized Associates to enter into two distinct leases relating to the partial use of the hotel facility owned by Associates; the fact that Associates filed its disclosure statement which is now scheduled to be heard on February 6, 1984; and lastly, testimony received at the valuation hearing. In addition, the Court also heard testimony of Mr. Wild.

It is the contention of Associates that the record as established warrants limited injunctive relief because in the event Mr. Wild is unable to obtain the protection sought, the efforts of Associates will be thwarted and frustrated and Associates will not be able to achieve the rehabilitation it seeks through this Chapter, a prospect which is not only real, but could be achieved in the near future. This contention is based on the proposition advanced by Associates that Associates needs at least $1.2 million or possibly as much as $1.8 million to achieve rehabilitation and unless Mr. Wild and his wife are protected against the entry of an impending judgment against them on their guarantees, Mr. Will will be effectively prevented from obtaining additional investment from the limited partners and he will not be able to refinance some of his holdings located in Wisconsin which will produce sufficient funds to permit him to invest a minimum of $400,000 toward the reorganization of Associates. In this connection, Associates points to the fact that the disclosure statement has already been filed; it is scheduled to be considered on February 6, 1984 and if approved, it would permit the general partner, Mr. Wild, to proceed to solicit new investments not only from the limited partners initially, but also possibly from new investors which he cannot so, of course, without running afoul of Securities Laws. This is so, contends Associates, because the protection accorded by § 1125(e), the "safe harbor provision" of the Code, only protects persons from possible violation of any applicable law governing the offers, issuances, sales or purchases of securities, if the solicitation was made in good faith and in full compliance with the provision of the Code which, of course, includes the approval of the disclosure statement, a prerequisite of § 1125(b) of the Code for solicitation.

In opposition of these contentions, Royal Trust contends that there is absolutely no justification for injunctive relief because the proposition urged by Mr. Wild is nothing more than a speculative, unsupported hope; there is no commitment from all of the limited partners of any additional funds to invest; and there is no commitment presented at this time to assure that Mr. Wild is able to obtain financing. Moreover, so contends Royal Trust, LouAnn Wild is not even a partner, general or limited, of Associates and her only connection with Associates is that she happens to be married to Mr. Wild. Accordingly, there is clearly no justification to grant injunctive relief to LouAnn Wild.

Chapter 11, unlike Chapter 13, contains no provision which permits injunctive relief to protect co-debtors not involved in any case pending under the Code, c.f. § 1301. Nevertheless, there are respectable authorities which held that under special circumstances non-debtors, co-debtors may be protected temporarily if such protection is essential to the efforts of a debtor to achieve rehabilitation. *In re Otero Mills, Inc.,* 25 B.R. 1018 (D.C.N.M.1982) and *In the*

*Matter of Old Orchard Inv. Co.,* 31 B.R. 599, 10 B.C.D. 1200 (D.C.W.D.Mich.1983). It is well settled as a general proposition that before the stay may be issued, the petitioner must demand "a clear case of hardship or inequity" if there is "a fair possibility that the stay would work damage on another party." *Landis v. North American Co.,* 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). Thus, it is recognized that while the automatic stay provision of the Bankruptcy Code, § 362, does not protect non-debtors, the Bankruptcy Court possesses ample power pursuant to § 105 of the Code to issue such orders which appear to be necessary and appropriate to carry out the provisions of Title 11 of the Bankruptcy Code and in appropriate circumstances protect non-debtors. *In re Landmark Air Fund II,* 19 B.R. 556 (Bkrtcy.N.D.Ohio 1982). For instance, technical legal distinction between corporations and alleged alter-egos of corporations must be respected and observed in determining the automatic stay impact uses against or with respect to property of someone who is not technically a debtor. *In re Loughnane,* 28 B.R. 940 (Bkrtcy.D.Colo. 1983). See also the series of cases involving asbestosis litigation; *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541 (5th Cir.1983); *Lynch v. Johns-Manville Sales Corp.,* 710 F.2d 1194 (6th Cir.1983); *Williford v. Armstrong World Industries, et al.,* 715 F.2d 124 (4th Cir.1983).

■ Considering the foregoing, this Court is satisfied that this record fails to establish the requisite degree of proof that LouAnn Wild is entitled to any injunctive protection since there is nothing in this record which shows that the judgment against her would have any impact on Associates. However, this is not the case in the case of Mr. Wild, the general partner of Associates and while a stronger showing could have been made based on changed circumstances, this Court is satisfied that it is appropriate to grant a short respite and protection by way of an injunction against any further proceedings at this time by Royal Trust against Mr. Wild. As noted earlier, since the last hearing this Court authorized Associates to enter into two sub-stantial leases, and it is likely that the competing plan of reorganization filed in this case by St. Petersburg Bayfront Concourse Hotel Corporation, the holder of the first mortgage on the hotel, is no longer a viable plan of reorganization. Moreover, Mr. Wild should be given a limited time, in the event a disclosure statement is approved, to solicit funds necessary for funding the reorganization and to proceed to attempt to obtain a confirmation of a plan of reorganization.

This leaves for consideration the matter of Royal Trust's right to call up a certain letter of credit issued in favor of Royal Trust on behalf of Associates in the amount of $90,000, a letter of credit which was pledged as security for a personal guarantee given to Royal Trust by Mr. and Mrs. Wild. Whether or not this letter of credit is entitled to protection or conversely, Royal Trust is entitled to call upon the issuer of the letter of credit to honor the same would depend on whether or not a letter of credit is deemed to be property of the estate within the meaning of § 541 of the Code. This Court had the occasion to consider this question, albeit, in a totally different context and held in the case of *In re Twist Cap, Inc.,* 1 B.R. 284 (Bkrtcy.Fla.1979) that under the particular state of circumstances involving that case it was proper to issue a temporary restraining order prohibiting the holder of a letter of credit to demand the issuer to honor the same. This decision, which created a great furor among banks and other institutionalized lenders, has been severely criticized and several decisions since expressly rejected the holding without considering the facts involved in that case and the circumstances which this Court considered to be controlling. See, *In re Page,* 18 B.R. 713 (D.C.Colo.D.D.C.1982); *In re North Shore & Central Illinois Freight Co.,* 30 B.R. 377 (Bkrtcy.N.D.Ill.1982); *In re Planes, Inc.,* 29 B.R. 370 (Bkrtcy.N.D.Ga. 1983); *In re M.J. Sales & Distributing Company, Inc.,* 25 B.R. 608 (Bkrtcy.S.D.N.Y. 1982); Baird, *Standly Letter of Credit in Bankruptcy,* 49 Univ. of Chicago L.Rev. 130 (1982); and Chaitman & Sovern, *Enjoining*

*Payment on a Letter of Credit in Bankruptcy: A Tempest in a Twist Cap,* 38 Bus. Lawyer 21 (Nov. 1982). For instance, in the case of *In re Page,* 18 B.R. 713 (D.C.Colo.D. D.C.1982), Judge Gesell held on appeal that the automatic stay, § 362(a)(3) and (4) does not prevent honoring the letter since the letter and its proceeds are not the debtor's property; and the lien on the debtors' indemnifying collateral, which is a security interest to secure a future advance, was created and perfected pre-petition when the transaction was entered into, not after bankruptcy when the Bank is asked to honor the letter. He also held, however, that the automatic stay prevents the Bank from enforcing its security interest in the indemnifying collateral without the bankruptcy court's permission. In this particular instance, this Court is satisfied that there is nothing in this record which would warrant either a finding that this particular letter of credit is property of the estate, therefore, protected by the automatic stay or that Royal Trust should not be permitted to proceed and obtain the proceeds on the ground that they would materially impact Associates.

Based on the foregoing, it is the considered opinion of this Court that while a limited injunctive relief is appropriate protecting Mr. Wild against the entry of a judgment, Royal Trust should be permitted to proceed against LouAnn Wild and permitted to demand the proceeds of the letter of credit.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that Royal Trust, its agents, servants and attorneys or anyone acting on its behalf be, and the same hereby is, restrained and prohibited to proceed and undertake any steps, direct or indirect, toward obtaining a final judgment against Darrell Wild provided Associates obtains an approval of its disclosure statement on February 6, 1984 and further provided that Associates obtains a confirmation not later than 45 days after the entry of the order approving the disclosure statement and further provided that Darrell Wild furnishes to this Court satisfactory proof 30 days subsequent to the entry of the order approving disclosure statement of the committment of funds sufficient to fund the plan of reorganization. It is further

ORDERED, ADJUDGED AND DE-CREED that in the event Associates is unable to meet these conditions and Darrell Wild is unable to furnish this satisfactory proof of committment as noted above, the injunction shall be deemed to be dissolved forthwith and Royal Trust will be authorized to proceed in the state court to seek a final judgment against Darrell Wild. It is further

ORDERED, ADJUDGED AND DE-CREED that the injunction shall not be construed to prohibit Royal Trust to proceed and demand the proceeds of the letter of credit. It is further

ORDERED, ADJUDGED AND DE-CREED that the complaint for injunctive relief against LouAnn Wild be, and the same hereby is, dismissed.