**In re W.L. MEAD, INC., Debtor.**

**Bankruptcy No. 83–02239.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 5, 1984.

Suzanne Cotner Mandross, John J. Schlageter, Toledo, Ohio, for debtor.

## MEMORANDUM OPINION
## AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion for Relief From Stay filed by the Citizens National Bank of Norwalk, one of the major creditors in this case. The parties have agreed that the issues ad-

dressed by the Motion are primarily issues of law which may be submitted to the Court upon a set of stipulated facts and the written arguments of counsel. The Court has reviewed the arguments as well as the entire record of this proceeding. Based upon that review and for the following reasons the Court finds that the Motion for Relief From Stay should be GRANTED.

## FACTS

The Debtor-In-Possession is an entity which is engaged, among other activities, in interstate trucking. On July 2, 1982, prior to the filing of the Petition, W.L. Mead, Inc. was issued a certificate of deposit by the Citizens National Bank of Norwalk (hereinafter referred to as Citizens) in the amount of Fifty Thousand and no/100 Dollars ($50,000.00). At the same time, W.L. Mead, Inc. assigned the certificate to Citizens in return for the issuance of an irrevocable letter of credit to the Protective Insurance Company (hereinafter referred to as Protective) in the amount of Fifty Thousand and no/100 Dollars ($50,000.00). Protective is the company with whom the Debtor-In-Possession maintains its liability insurance and the protective bonds required by interstate commerce regulations. Through a series of renewals and extensions, the letter of credit and certificate of deposit were to remain in effect until July 2, 1984.

On December 23, 1983, the Debtor-In-Possession filed its voluntary Chapter 11 Petition with this Court. On February 24, 1984, Protective issued a draft demand to Citizens for Fifty Thousand and no/100 Dollars ($50,000.00) on the letter of credit. Accompanying that draft were all the documents required under the terms of the letter. Citizens communicated to the Debtor-In-Possession the fact that such an Order had been made. Apparently, the Debtor-In-Possession offered no response. On March 9, 1984, Citizens transferred Fifty Thousand and no/100 Dollars ($50,000.00) into Protective's account at the Merchants National Bank and Trust Co.

Prior to the filing of the Petition, a number of suits were initiated by Plaintiffs against the Debtor-In-Possession and its bonding company. At the present time, however, it appears as though none of these suits have resulted in a final judgment or award of damages for which Protective is liable. It also appears as though Protective has not disbursed any of the Fifty Thousand and no/100 Dollars ($50,000.00) which was transferred to its account. On March 13, 1984, the Debtor-In-Possession filed an adversary action against Protective and Citizens, wherein it seeks recovery of the Fifty Thousand and no/100 Dollars ($50,000.00).

## LAW

The issue raised by this Motion is whether or not the issuer of a letter of credit that has become liable to the beneficiary is entitled to assume the debtors property which was offered as security for the letter. This issue appears to be one of first impression, in that it has not been directly addressed in any of the prior decisions which have dealt with this financial arrangement. Although it seems clear that a debtor is not entitled to enjoin the transfer of funds from the issuer to the beneficiary, *see, Planes, Inc. v. Fairchild Aircraft Corp. (Matter of Planes, Inc.),* 29 B.R. 370 (Bkcy.N.D.Ga.1983), it has not been decided whether or not the issuer may "foreclose" on its collateral once performance on the letter has been rendered.

Prior cases have made it clear that collateral which has been pledged by a debtor as security for a letter of credit is property of the bankruptcy estate. *See for example, In re M.J. Sales & Distributing Co., Inc.,* 25 B.R. 608 (Bkcy.S.D.N.Y.1982). Accordingly, the automatic stay prevents a pledgee from assuming title to the collateral. Relief from the stay is addressed by 11 U.S.C. § 362(d) which reads in pertinent part:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by

terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization."

Under this section, if the value of the collateral is equal or greater than the amount of the debt owed to the creditor, then the creditor is deemed to be adequately protected and is not entitled to relief from the stay. *In re London Tiles*, 35 B.R. 681 (Bkcy.N.D.Ohio 1983). Similarly, if the debtor has equity in the collateral, or the property is necessary for an effective reorganization, relief from the stay should not be allowed.

■ Applying, the criteria of these provisions to the case at hand, it is apparent that the value of the collateral and the debt owed to Citizens are identical. Therefore, under the test of 11 U.S.C. § 362(d)(1), the creditor is adequately protected. Inasmuch as the collateral in this case is not the type in which equity is easily associated, the only applicable test under the provisions of 11 U.S.C. § 362(d)(2) is whether or not the collateral is necessary for an effective reorganization. Although the Debtor-In-Possession has not offered any proof of the collateral's necessity, it has argued that the funds would be of significant importance in the reorganization. Accordingly, it would appear that under the traditional standards Citizens would not be entitled to relief from stay. Nevertheless, the nature of the financial arrangement and the circumstances of this case are such that the usual standards for adjudicating a motion for relief from stay do not adequately weigh the interests of the parties which are effected by the motion.

The Bankruptcy Code, in addition to setting forth the specific tests for examining a request for relief from stay, also allows this Court to relieve the stay "for cause".

11 U.S.C. § 362(d). Since it appears that the customary standards for relief from stay do not apply, this Court must weigh the equities of the circumstances in this case to determine if cause for relief exists.

■ A letter of credit is a document which signifies a three party transaction, whereby a customer engages an issuer to honor the drafts of a beneficiary. It is well settled that a letter of credit and the proceeds therefrom are not property of the debtor's estate. *North Shore & Central Illinois Freight Co. v. American National Bank & Trust Co. of Chicago (In re North Shore & Central Illinois Freight Co.)*, 30 B.R. 377 (Bkcy.N.D.Ill.1983). When the issuer of a letter of credit issues such a document, it creates, as the result of an agreement between the customer and the issuer, a separate and distinct obligation between the issuer and the beneficiary. The issuer obligates itself to honor all drafts of the beneficiary which are presented in compliance with the letter. 23 Ohio Jur.3d *Credit Cards and Letters of Credit* § 31. When the issuer honors a proper draft, it does so from its own assets and not from the assets of the customer. *In re M.J. Sales & Distributing Co., Inc.*, supra.

■ If the stay were to remain intact, the bank would be precluded from using a substantial sum of money that was pledged against the possibility that Protective could, at any time, draw from Citizens' assets. In other words, the bank would continue to be deprived of the funds despite its having fulfilled its obligations to both Protective and the Debtor-In-Possession. On the other hand, if the stay were relieved, the Debtor-In-Possession would lose an asset which would otherwise be part of the estate and available to the reorganization effort. The Debtor-In-Possession would then be required to seek recovery of the money from Protective. While such an action would appear to be an adequate remedy, it must be remembered that the funds received by Protective were those of the bank and not those of the Debtor-In-Possession. The standing to re-

cover such monies is uncertain, as is the ultimate results of such litigation.

A review of the letter of credit indicates that the only prerequisite to an honoring of Protective's draft is the presentation of a certificate by Protective which states that Protective has not yet been released from liability on the bonds executed by the Debtor-In-Possession. As previously indicated, the granting of this ability to draw on the bank was made irrevocable, except upon the expiration of the letter. A review of the bonds and insurance policies finds that there is no pre-existing condition which limits Protective's ability to demand payment on the letter.

By creating an irrevocable letter of credit, the Debtor-In-Possession established a right in favor of Protective to draw upon the assets of Citizens at Protective's discretion. As a part of that financing arrangement, the Debtor-In-Possession pledged the certificate to Citizens with the intention that it be assumed by Citizens in the event Protective made a demand on Citizens during the life of the letter. Inasmuch as Protective was entitled to make a demand at any time, including the time during which the Debtor-In-Possession has been under the jurisdiction of this Court, *see, Page v. First National Bank of Maryland (In re Page)*, 18 B.R. 713 (D.C.D.C.1982), Citizen's assumption of the certificate would not alter the Debtor-In-Possession's expectation that such a transfer would occur in the event Protective made a demand during the life of the letter. Therefore, a loss of the certificate to Citizens would not deprive the Debtor-In-Possession of any funds to which it was entitled prior to the expiration of the letter. Whether or not Protective may retain the monies received from Citizens is an issue that is more properly addressed in the adversary action. At this point, however, it would be unfair to allow the Debtor-In-Possession to monopolize the funds upon which Citizens relied when it accepted, at the Debtor-In-Possession's request, the liability to Protective.

In light of the foregoing analysis, it must be concluded that Citizens is entitled to

relief from the automatic stay. The continued deprivation of funds is a sufficient hardship on the bank so as to constitute cause to allow such relief. While it may have been possible for the Debtor-In-Possession to modify the contracts under the provisions of 11 U.S.C. § 365, or to have substituted collateral, no such action has been taken. Therefore, it must be concluded that Citizens is entitled to the certificate of deposit, and that the Debtor-In-Possession must seek any remedies from Protective.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion of Relief from the Automatic Stay be, and is hereby, GRANTED.