**In re MINNELUSA COMPANY, Debtor.**

**MINNELUSA COMPANY, Plaintiff,**

**v.**

**A.G. ANDRIKOPOULOS, George A. Seifert, and John E. Dunn and Marjorie O. Dunn, as Trustees of the Dunn Trust, Defendants.**

**Bankruptcy No. 94-359-9P1.**
**Adv. No. 94-72.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

June 29, 1994.

David W. Steen, Tampa, FL, for plaintiff.

Kathryn Elzi, Denver, CO, Brenda H. Smith, Orlando, FL, for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a yet-to-be confirmed Chapter 11 case and the matter before the Court is a complaint for injunctive relief filed by the Minnelusa Company (Debtor) against A.G. Andrikopoulos, George A. Seifert, and John and Marjorie Dunn, as Trustees of the Dunn Trust (Defendants), judgment creditors of the Debtor. The facts relevant to resolution of this controversy as established at the final evidentiary hearing are as follows:

At the time of the commencement of this Chapter 11 case, the Debtor owned and operated a marine facility known as the Deep Lagoon Marina in Ft. Myers, Florida. The Defendants were stockholders of the Debtor until late 1980 when the Debtor repurchased the Defendants' stock. The repurchased stock was placed in escrow pending satisfaction of the promissory notes executed by the Debtor representing the consideration for the stocks repurchase. The Notes were

guaranteed by Frank Gower, (Gower) the current principal and twenty-four per cent shareholder of the Debtor.

In January, 1992, the Debtor and Gower entered into an agreement replacing the original repurchase transaction. Pursuant to this agreement the Debtor executed new notes in favor of the Defendants which were again personally guaranteed by Gower. In early 1993, the Debtor notified the Defendants that no further payments will be made on the notes, based upon the Debtor's claim that Florida's stock repurchase statute 607.-017(4) *Fla.Stat.*, prohibits payment on the notes because the Debtor was "insolvent" at the time of the execution of the notes and the guarantee and, therefore, the notes are not enforceable.

In April, 1993, the Defendants filed suit against the Debtor and Gower in state court in Colorado. On January 10, 1994, the court in Colorado granted summary judgment in favor of the Defendants and against the Debtor and Gower on the promissory notes and on the guarantee in the amount of $300,-000.00.

On January 18, 1994, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code, which of course prevented any attempt to enforce the judgment by the Defendants against the Debtor. In February, 1994, the Debtor filed its Complaint for Injunctive Relief under § 105 in order to protect Gower from the collection of the judgment by the Defendant.

It is a well-recognized proposition that the automatic stay was designed to protect debtors and property of the estate and does not protect others including the non-debtor principals of a debtor entity. However, it is also true that in an exceptional circumstance, the Bankruptcy Court may use its § 105 power to temporarily protect non-debtors by way of an injunction against collection actions by creditors against non-debtors affiliated with a debtor entity.

It is generally recognized that injunction is an extraordinary remedy and the party seeking injunctive relief has the burden to establish the following:

(1) a strong probability of success on the merits;

(2) irreparable injury to the movant if the relief sought is not granted;

(3) granting injunctive relief will not cause substantial harm to the party against whom the injunctive relief is granted; and

(4) the public interest will be best served by issuing the preliminary injunction.

*In re Otero Mills, Inc.*, 25 B.R. 1018 (D.C. 1982); *Matter of Old Orchard Inv. Co.*, 31 B.R. 599 (D.C.1983); *In re Myerson & Kuhn*, 121 B.R. 145 (Bankr.S.D.N.Y.1990). Because injunctive relief is an extraordinary remedy, it should not be routinely granted. It should be granted only upon a clear showing that the movant established all the elements required to obtain injunctive relief. *United States v. State of New York*, 552 F.Supp. 255 (N.D.N.Y.1982).

There are generally two instances in a Chapter 11 case when injunctive relief was found to be justified, albeit only on a temporary basis. One, when a principal of a debtor who himself is not a debtor, is the key person and as such should be temporarily protected against lawsuits in order to enable the non-debtor principal to devote full time and energy to the affairs of a debtor, especially at the initial stage of the case. Thus, upon showing that his time and energy is needed in order to allow him to tend to the affairs of a debtor and to devote his full time to formulating a plan of reorganization, the non-debtor principal may be entitled to temporary protection. The second instance when injunctive relief was found to be justified was when the individual non-debtor's assets were to be used as a source to fund the plan, either through sale of the asset or when the preservation of his credit standing and his ability to borrow played a significant and meaningful role in a debtor's attempt to achieve reorganization, *St. Petersburg Hotel Associates, Ltd.*, 37 B.R. 380 (Bankr. M.D.Fla.1984). In such situations, injunctive relief was granted to protect the non-debtor principal at least until the necessary financing to fund the plan of reorganization was secured.

Applying these general principles to the facts involved in the present instance,

this Court is satisfied that the proof presented by the Debtor in support of the injunctive relief sought falls far short of the persuasive force required under the applicable legal principles. There is nothing in this record to show that Gower is the hands-on principal of this Debtor who devotes his full time to the Debtor's affairs. Gower is not even a resident of Florida, he resides in Colorado. The business of the Debtor is run by manager Jim Bates, who is supervised by president and chairman Paul Hoovler.

The evidence offered as to Gower's contribution to this Debtor's Plan of Reorganization is scant as well. It was presented that Gower would be willing to provide the $100,000.00 necessary to cure the arrears on the BancFlorida loan, the major secured creditor of the Debtor, which may produce a consensual plan. However, it is also clear that Gower's own admission places his assets in excess of $1.5 million. Clearly, Gower has the assets to satisfy the judgment, and provide the $100,000.00 contribution needed by this Debtor.

Lastly, it is clear even if the injunction sought is granted it will be only temporary and certainly would not protect Gower post-confirmation.

A separate final judgment shall be entered in accordance with the foregoing.