**In the Matter of ST. PETERSBURG HOTEL ASSOCIATES, LTD., Debtor.**

**ST. PETERSBURG HOTEL ASSOCIATES, LTD., Plaintiff,**

v.

**ROYAL TRUST BANK OF ST. PETERSBURG, Defendant.**

Bankruptcy No. 82–1065.
Adv. No. 83–718.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 26, 1984.

David L. Schrader, St. Petersburg, Fla., Domenic L. Massari, Tampa, Fla., for plaintiff.

Howard Batt, Clearwater, Fla., for defendant.

ORDER ON FLORIDA NATIONAL BANK'S RENEWED MOTION TO DISSOLVE INJUNCTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the immediate matter under consideration is a Renewed Motion to Dissolve Injunction filed by Florida National Bank f/k/a Royal Trust Bank (Bank). The Bank seeks the entry of an Order dissolving an injunction issued by this Court on January 25, 1984 which prohibited the Bank to undertake any steps to obtain a final judgment against Darrell Wild, the general partner of St. Petersburg Hotel Associates Ltd. (Debtor), and the guarantor of two promissory notes issued by the Debtor in favor of the Bank.

The injunction was originally entered by this Court, 37 B.R. 380, based on the Debtor's representations that Darrell Wild's borrowing power is necessary to the successful reorganization of the Debtor and, of course, his credit would be impaired if he suffered a judgment. Specifically, the Debtor alleged that in order to achieve rehabilitation, the Debtor required between $1.2 and $1.8 million and unless Darrell Wild and his wife, LuAnn were protected from judgment on their guarantees, Mr. Wild would be prevented from generating the additional capital necessary to successfully reorganize the Debtor.

Although the Court found that LuAnn Wild was not entitled to the relief sought, the Court determined that Darrell Wild should be given a limited time to solicit the capital necessary for funding the Reorganization. The Court based its decision on the line of cases represented by *In re Otero Mills, Inc.,* 25 B.R. 1018 (D.N.M.1982),

which stand for the proposition that under special circumstances, co-debtors may be temporarily protected if it is essential to the efforts of the Debtor to rehabilitate.

The relief afforded in the January 25 order was conditioned on the approval of the Debtor's Disclosure Statement by February 6, 1984; confirmation of the Plan not later than 45 days after the entry of an Order approving the Disclosure Statement; and proof furnished to the Court within 30 days from the entry of the Order approving the Disclosure Statement, of a firm commitment of monies or properties of Mr. Wild to fund the Plan of Reorganization. None of the specified conditions were met by the Debtor. Notwithstanding, on February 22, 1984 this Court extended the injunction to allow the Debtor another opportunity to obtain approval of its Disclosure Statement.

On March 7, 1984 the Bank moved again to dissolve the injunction. On March 22, 1984 this Court denied the Motion based on representations by the Debtor that a settlement with the first mortgagee, St. Petersburg Bayfront Hotel Corporation (Hotel Corp.) was being negotiated and was imminent, and if reached would remove impediments to reorganization. Based on these representations, the injunction was once again extended subject to certain time restrictions.

On November 9, 1984 the Debtor filed an "Emergency Application for Authority to Borrow on Super Priority Basis" and sought approval by this Court to borrow $1.2 million from Crest Savings and Loan (Crest) to be secured by a first mortgage on the Debtor's sole asset, the Bayfront Concourse Hotel, a property already encumbered by a first mortgage held by the Hotel Corp. 44 B.R. 944. The proposed loan by Crest included priming the priority of Hotel Corp. by granting first position to Crest securing the 1.2 million loan. Immediately thereafter, the Bank filed this Renewed Motion to Dissolve Injunction because the loan commitment from Crest Mortgage does not require a personal guarantee and is not in any way tied to Darrell

Wild's credit standing. Rather, the loan commitment is based primarily on the fact that the Hotel is supposed to be operated as a Holiday Inn under a lease from the Debtor and the lender would be granted a super priority lien priming the existing first Mortgage, which virtually assures repayment. Because the Debtor concedes that Crest represents the only possible source of funds, the Bank urges this Court to dissolve the injunction prohibiting the Bank to proceed against Darrell Wild since it is no longer necessary to protect him from judgment because none of his assets are pledged for the proposed loan and neither his nor the Debtor's borrowing ability would be impaired if the Bank is authorized to proceed.

The Court is satisfied that the Bank's position is well founded and that the Renewed Motion to Dissolve Injunction shall be granted. Although the Court is of the opinion that the Injunction was both appropriate and necessary to permit Darrell Wild to explore, unfettered, every financial opportunity to allow this Debtor to achieve reorganization, the Court is equally satisfied that the justification for the injunction no longer exists. Accordingly, it is

ORDERED, ADJUDGED and DECREED that the Renewed Motion to Dissolve Injunction filed by Florida National Bank be and the same is hereby granted and the Injunction prohibiting the Bank to proceed to obtain final judgment against Darrell Wild in another forum be and the same is hereby dissolved.